█   CHEMICAL BANK v. LORENZO F. PADILLA.— Application to reargue a motion for leave to appeal to this court from an order of the Appellate Term entered on October 6, 1972 granted, and upon reargument the decision and order of this court dated February 20, 1973, granting leave to appeal is recalled, the order vacated, and the motion for leave to appeal to this court is dismissed upon the ground that the motion in the Appellate Term for leave to appeal to the Appellate Division was not timely made. (See *Stoddard* v. *City of New York,* 12 N Y 2d 792; *Matter of Bennett* v. *Kross,* 9 N Y 2d 824; *University Gardens Prop. Owners Assn.* v. *University Gardens Corp.,* 8 N Y 2d 1142.) The motion papers indicate that a copy of the order with notice of entry of the Appellate Term, sought to be appealed from was served by mail on October 11, 1972, but that the motion papers on the application in the Appellate Term for leave to appeal were not served until November 21, 1972, more than the 30 days permitted by CPLR 5513 (subd. [c]), plus the three days allowed by CPLR 2103 (subd. [b], par. 2). Movant has erroneously attempted to calculate the time to move in the Appellate Term from the date of the service of a copy of a notice of entry of the judgment in the Civil Court upon the remittitur from the Appellate Term. An appeal to the Appellate Division, however, is from the order of the Appellate Term (CPLR 5703, subd. [a]) and, consequently, it is the date of the service of a copy of the order of the Appellate Term, with notice of entry, which commences the running of the 30 days within which to move for leave to appeal. Since the application in the Appellate Term was not timely made, this court has no power to consider the subsequent motion for leave to appeal to this court, following a denial of leave by the Appellate Term. Concur — Stevens, P. J., McGivern, Markewich, Nunez and Capozzoli, JJ.